NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000212
28-FEB-2018
08:22 AM**

NO. CAAP-16-0000212

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
MARK WILSON, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-0923)

MEMORANDUM OPINION
(By: Reifurth, Presiding Judge, and Ginoza and Chan, JJ.)

Plaintiff-Appellant State of Hawaiʻi appeals from the February 22, 2016 Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss for Violation of Rule 48 ("February 22, 2016 Order"), entered by the Circuit Court of the First Circuit[1] ("Circuit Court"). For the reasons explained below, we vacate the February 22, 2016 Order and remand the case to the Circuit Court.

I. BACKGROUND

On May 28, 2015, Defendant-Appellee Mark Wilson ("Wilson") was arrested on suspicion of Abuse of Family or Household Members and released with a 48-hour warning to stay away from the complaining witness.[2] On May 30, 2015, Wilson was suspected of having violated his 48-hour warning and arrested on

---

[1] The Honorable Dean E. Ochiai presided.

[2] To the extent that the Circuit Court's first finding of fact suggests that bail was set for the May 28, 2015 arrest on or about that date, it is clearly erroneous, as the record is uncontroverted that bail on that count was not set until June 18, 2015, and Wilson concedes in his answering brief that it was not set at the time he was charged.

suspicion of Terroristic Threatening in the First Degree.

On June 2, 2015, a complaint was filed in the District Court of the First Circuit charging Wilson with Terroristic Threatening in the First Degree in violation of Hawaii Revised Statutes ("HRS") section 707-716(1)(f)(ii) and bail was set in the amount of $50,000. On June 4, 2015, the District Court committed the case to the Circuit Court for further proceedings and on June 9, 2015, a complaint was filed in the Circuit Court charging Wilson with Terroristic Threatening in the First Degree (count 1), and Abuse of Family or Household Member in violation of HRS section 709-906(1) and (5) (count 2). On June 18, 2015, bail was aggregated, and the $50,000 bail on count 1 was aggregated to include count 2.

Trial was originally scheduled for the week of August 17, 2015. However, at the August 10, 2015 trial call, the State and Wilson stipulated to a continuance, and a new trial date was set for the week of October 12, 2015.

On October 12, 2015, the State requested a continuance, which was granted, and a new trial date was set for the week of January 19, 2016. At the January 13, 2016 trial call, defense counsel requested a continuance, which was granted, because a key witness for the defense was unavailable to testify. At the January 21, 2016 trial call, defense counsel informed the court that the defense was again not ready to proceed to trial due to the continued unavailability of a material witness while Wilson stood on his refusal to waive his Hawaii Rules of Penal Procedure ("HRPP") Rule 48 rights. The court invited Wilson to file a Rule 48 motion to dismiss and said that trial would be re-set immediately after hearing on such a motion if it was denied.

On January 29, 2016, Wilson filed a motion to dismiss, which the Circuit Court granted without prejudice.[3/] The State

---

[3/] HRPP Rule 48 provides, in pertinent part:

> (b) **By court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

(continued...)

timely appealed.

## II.  POINTS OF ERROR

On appeal, we construe the State's sole point of error to be that the Circuit Court improperly calculated the excludable days under HRPP Rule 48(c)(3), specifically the days between January 13, 2016 and January 29, 2016, because it was defense counsel who requested the continuance in question.[4]

---

[3] (...continued)

> (1)  from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]
>
> . . . .
>
> (c)  **Excluded periods.**  The following periods shall be excluded in computing the time for trial commencement:
>
> . . . .
>
> (3)  periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel;
>
> . . . .
>
> (d)  **Per se excludable and includable periods of time for purposes of subsection (c)(1) of this rule.**
>
> (1)  For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.

Haw. R. Pen. P. 48.

[4]  Specifically, the State challenges as wrong as a matter of law, Conclusions of Law Nos. 3 and 4 which read:

> 3.  Defense counsel's request for continuance of the January 19, 2016 trial week, orally made on January 13, 2016, and renewed on January 21, 2016, is not excludable under HRPP Rule 48(c)(3) or HRPP Rule 48(d)(1), as Defendant refused to waive his Speedy trial and HRPP Rule 48 rights.
>
> 4.  The Court finds that more than 180 non-excludable days
>
> (continued...)

3

III. STANDARD OF REVIEW

*HRPP Rule 48 Determinations*

The appellate court reviews a trial court's decision on an HRPP Rule 48 motion to dismiss under both the "clearly erroneous" and "right/wrong" tests:

> A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed. However, whether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

*State v. Samonte*, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996) (quoting *State v. Hutch*, 75 Haw. 307, 328-29, 861 P.2d 11, 22 (1993)).

IV. DISCUSSION

After the Circuit Court concluded that the days between January 13, 2016 and January 29, 2016 were not excludable, it further concluded that more than 180 non-excludable days had elapsed in violation of HRPP Rule 48(b) and granted Wilson's motion to dismiss.

HRPP Rule 48(b)(1) mandates the dismissal of an indictment if the trial has not begun within six months of the arrest if bail is set, excluding those permissible periods of delay under HRPP Rule 48(c). "Pursuant to HRPP 48(c), certain periods must be excluded from the computation of the six months period[.]" *State v. Hoey*, 77 Hawai'i 17, 28, 881 P.2d 504, 515 (1994) (holding that before days will be excludable, they must result in "actual delay" in the trial); *see also State v. Jackson*, 81 Hawai'i 39, 51-52, 912 P.2d 71, 83-84 (1996) (holding that it was proper to exclude fifteen days attributable to

---

4/ (...continued)
         have elapsed since Defendant's arrest and the case
         must be dismissed pursuant to HRPP Rule 48(b)(1).

4

defense counsel's failure to appear at a pretrial status conference). When calculating whether trial was commenced within the 180-day time period, it is necessary to identify all excludable periods. Haw. R. Pen. P. 48(c); *State v. Diaz*, 100 Hawai'i 210, 222, 58 P.3d 1257, 1269 (2002) ("[T]o determine whether dismissal was required under HRPP Rule 48, the start date and all excludable periods must be identified.") (citing *State v. Dwyer*, 78 Hawai'i 367, 893 P.2d 795 (1995).

A.    Abuse of Family or Household Members (count 2)

As to this charge, Wilson concedes that he was not in custody and bail had not previously been set on count 2 when he was formally charged by Complaint on June 9, 2015; that, therefore, 180 days had not elapsed for the charge of Abuse of Family or Household Members; and that the Circuit Court's subsequent conclusion, therefore, was clearly erroneous as it related to count 2. We concur in Wilson's analysis, accept his concession, and proceed to consider the court's ruling as to count 1.

B.    Charge of Terroristic Threatening (count 1)

On May 30, 2015, Wilson was arrested on suspicion of Terroristic Threatening in the First Degree. He remained under arrest until bail was set on June 2, 2015 at $50,000. Bail was later aggregated on June 18, 2015 to include both counts. The effective start date of the 180-day period under Rule 48(b)(1) is May 30, 2015, because that was the date that Wilson was arrested and held until bail was set. Between May 30, 2015 and January 29, 2016 when the Rule 48 motion was filed, 244 days had elapsed. The State and Wilson stipulated to a continuance from August 10, 2015 to October 12, 2015, amounting to 63 days. Accordingly, under HRPP Rule 48(c), a total of 63 days must be subtracted from 244 days for a total of 181 days.

Neither party appears to contest that if the days between January 13, 2016, and the hearing on Wilson's Rule 48 motion are excluded, the court erred in dismissing the case under HRPP Rule 48. The critical issue on appeal as to count 1,

5

therefore, is the State's argument that those days should have been excluded under HRPP Rule 48(c)(3). As the State's argument relates to specific periods of inclusion or exclusion, we review the Circuit Court's conclusion under the right/wrong standard. *Samonte*, 83 Hawai'i at 514, 928 P.2d at 8.

Here, defense counsel requested a continuance on January 13, 2016, which was repeated at the January 21, 2016 trial call, and which was granted in each instance, due to the unavailability of a critical defense witness. Although Wilson was not present at the trial call on January 13, 2016, he was present at the trial call on January 21, 2016, and although his refusal to waive his HRPP Rule 48 rights was conveyed by his counsel to the court at the time of each request, there is no requirement under the plain language of the rule that the defendant himself must agree to the continuance. Haw. R. Pen. P. 48(c)(3). Indeed, HRPP Rule 48(c)(3) is clear and it "only requires consent from either the defendant or the defendant's counsel." *Diaz*, 100 Hawai'i at 223, 58 P.3d at 1270; *see also Samonte*, 83 Hawai'i at 516, 928 P.2d at 10 (excluding days under HRPP Rule 48(c)(3) due to counsel's request to continue trial without regard to defendant's presence or agreement); *State v. Hilario*, No. CAAP-13-0003039, 2016 WL 1092608, at *6 (Hawai'i App. Mar. 28, 2016) (holding that "Rule 48 does not appear to require a request or consent of a defendant, so long as his or her attorney moves for a continuance.").

Wilson argues that *Diaz* is distinguishable, on the grounds that in *Diaz* both the defendant and defense counsel were present at the time of counsel's request for a continuance, whereas in the instant case, only defense counsel was present. Wilson further argues that defense counsel must first inform the defendant before requesting to continue trial and to do otherwise "would not serve HRPP Rule 48's purpose of efficiency and fairness." According to Wilson, "[a] defendant should have the right to know whether or not his trial will be delayed" because "the defendant may wish to proceed even if a defense witness is unavailable."

6

To accept Wilson's argument would be to ignore the plain language of Rule 48 and the cases that have interpreted the provision in question, which we decline to do. Further, to allow a trial continuance at defense counsel's request, but then count the delayed period against the State if the defendant refuses to waive the time under HRPP Rule 48, would create an unfair circumstance for the State and undermine the proper functioning of HRPP Rule 48. Accordingly, the days between January 13, 2016, and January 29, 2016, should have been excluded for the purposes of calculating the number of days elapsed under HRPP Rule 48, and the Circuit Court erred in failing to do so.

V. DISPOSITION

Based on the foregoing, we vacate the February 22, 2016 Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss for Violation of Rule 48 and remand for proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, February 28, 2018.

On the briefs:

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7